

# THE ATTORNEY GENERAL
## OF TEXAS

July 11, 1989

JIM MATTOX
ATTORNEY GENERAL

Honorable Kent A. Caperton     Opinion No. JM-1071
Chairman
Finance Committee              Re:   Whether the  "certified
Texas State Senate             agenda" provision of the  Open
P. O. Box 12068                Meetings Act, article 6252-17,
Austin, Texas    78711         V.T.C.S.,   unduly   restricts
                               speech rights  of  members  of
                               governmental bodies  (RQ-1681)

Dear Senator Caperton:

You request  an  opinion interpreting  a  provision  of
section 2A of the Texas Open Meetings Act, article  6252-17,
V.T.C.S.   Section  2A was  added to  the Open  Meetings  Act
in 1987.   Acts 1987, 70th Leg.,   ch. 549, § 3, at 2212.    It
requires governmental bodies to maintain a certified  agenda
or tape  recording  of  executive  sessions.   See  Attorney
General Opinion JM-840 (1988).   Subsection 2A(h) of the  act
provides in part:

> No individual, corporation, or partnership
> <u>shall, without  lawful  authority,  knowingly
> make public  the  certified  agenda  or  tape
> recording of a meeting</u> or that portion of  a
> meeting that  was closed  under authority  of
> this Act.   (Emphasis added.)

V.T.C.S. art. 6252-17, § 2A(h).

You state that some local authorities have  interpreted
the quoted  language  to mean  that  persons present  in  an
executive session cannot make  any statements regarding  the
subject matter  of  the session,   even  to voice  their  own
opinion  about  that  subject.   You  point  out  that  this
interpretation raises  a  serious question  of  interference
with the freedom of speech guaranteed by the First Amendment
of the United  States Constitution.   U.S.   Const. amend.   I.
See Attorney General Opinion MW-563 (1982) at 5, 6.

We interpret subsection 2A(h)  as applying only to  the
records of executive sessions which governmental bodies  are
required to keep pursuant to section 2A of the act.   It does
not prohibit  persons  who  are  present  at  the  executive
session from afterwards talking about the subject matter  of

the session. Accordingly, we need not reach the first amendment issue.

The meaning of the language in subsection 2A(h) can be determined by looking at section 2A as a whole. Subsection 2A(c) describes a certified agenda:

> The certified agenda shall state the subject matter of each deliberation and shall include a record of any further action taken. The certified agenda of closed or executive sessions <u>shall be made available for public inspection and copying only upon court order</u> in an action brought under this Act. (Emphasis added.)

<u>Id.</u> § 2A(c).

The language on inspection and copying in the above provision shows that the certified agenda is a record. A tape recording of the executive session, like a certified agenda, is a record. <u>See generally</u> V.T.C.S. art. 6252-17a, § 2(2) (definition of "public records" under Open Records Act).

Section 2A of the Open Meetings Act repeatedly uses the terms "certified agenda" and "tape recording" to refer to the tangible documents that record the executive session. For example, the certified agenda or tape is available for in camera inspection by the judge in a lawsuit involving an alleged violation of the act. <u>Id.</u> § 2A(e). The certified agenda or tape must be preserved for a least two years after the date of the meeting. <u>Id.</u> § 2A(f). Members of a governmental body may not participate in a closed meeting knowing that a certified agenda is not being kept or a tape recording is not being made. <u>Id.</u> § 2A(g). These requirements cannot be rationally applied to speech occurring after the meeting.

The "certified agenda" and "tape recording" mentioned in the provisions we have cited record the proceedings of the executive session. The legislature presumably used these two terms consistently throughout section 2A. <u>See</u> <u>Paddock v. Siemoneit</u>, 218 S.W.2d 428, 435 (Tex. 1949). In our opinion, subsection 2A(h) bars the release of such records, and does not prevent members of the governmental body from talking about their recollections of the subject matter of the executive session.

The purpose of enacting section 2A was to ensure that a record of executive sessions would be available in the event of a lawsuit alleging an Open Meetings Act violation.

Subsection 2A(h) ensures that the record will be used only for that intended purpose. The prohibition is thus corollary to, and no broader than, the new record keeping requirement. Persons who attended an executive session are not prohibited by section 2A(h) from discussing its subject matter.[1]

## S U M M A R Y

Subsection 2A(h) of article 6252-17, V.T.C.S., the Texas Open Meetings Act, applies to the certified agenda or tape recording kept as a record of an executive session. It does not prohibit members of a governmental body or other persons in attendance at an executive session from making public statements about the subject matter of that session.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

JENNIFER S. RIGGS
Chief, Open Government Section
Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General

---

1. Nothing in the Open Meetings Act requires members of a governmental body to make statements about an executive session.